## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

May Yang,                                    Case No. 19-cv-2669 (NEB/DTS)

     Plaintiff,

v.                                           **ORDER**

Robert Half International, Inc., et al.,

     Defendant.

### INTRODUCTION

On October 7, 2019, Plaintiff May Yang sued her former employer Defendant Robert Half International (RHI) and her former co-workers Defendants Marcia Miller and Theresa Hodnett for race discrimination and various state-law torts. Complaint, Dkt. No. 1. The Court has summarized the factual background of this case and incorporates by reference its earlier factual summary. Order 1-6, Dkt. No. 208. In March 2021, the Court dismissed Hodnett from the case. *Id.* The remaining claims against RHI are discrimination claims, a whistleblower retaliation claim, a negligent infliction of emotional distress claim, and electronic communications privacy claims. Amended Compl. 25-41, Dkt. No. 32; Dkt. No. 208. The remaining two claims against Miller are aiding and abetting discrimination and assault and battery. *Id.* at 28, 37; Dkt. No. 86.

Yang began conducting her discovery in December 2020, fourteen months after she initiated this action. Pl. Mem. 3, Dkt. No. 226. The Court ordered fact discovery to be completed by July 1, 2021 and denied Yang's request for an extension. Pretrial Schedule 1, Dkt. No. 110; Text Order, Dkt. No. 221. After the close of fact discovery, Yang moved to compel RHI and Miller to respond fully to certain discovery requests. Pl. Mems., Dkt.

Nos. 226, 233. Yang also asks for attorney's fees incurred in bringing the motions. *Id.* Yang is a licensed attorney and is representing herself. Order, Dkt. No. 215. RHI and Miller oppose Yang's motions. Def. Mems., Dkt. Nos. 261, 264. For the reasons discussed below, Yang's motions are GRANTED IN PART and DENIED IN PART.

## ANALYSIS

"Parties may obtain discovery . . . that is relevant . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This rule contemplates a liberal scope of discovery, though this Court has considerable discretion to determine the need for, and form of, discovery. *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017); *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 949 (D. Minn. 2015). The proponent of the discovery must make a "threshold showing of relevance . . . before parties are required to open wide the doors of discovery," in order to limit "fishing expeditions." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Information need not be admissible to be discoverable, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Heilman v. Waldron*, 287 F.R.D 467, 473 (D. Minn. 2012). "[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted); *see* Fed. R. Civ. P. 26(b)(1). This Court must "consider the proportionality of all discovery and consider it in resolving discovery disputes" and must limit proposed discovery that is not proportional to the needs of the case. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quotation omitted).

2

I.      **Boilerplate Objections**

As an initial matter, the Court notes that in responses to several of the discovery requests now at issue both Miller and RHI included several objections which are mere boilerplate objections. For example, in response to the discovery requests, Defendant generically asserted the discovery requests are "vague," "ambiguous," "irrelevant," "overly broad," or "unduly burdensome" without further explanation as to how the raised objection is applicable to any of the specific discovery requests. Miller RFP Response 6, Dkt. No. 238-1; RHI 3rd Interrog. Response 3-5, Dkt. No. 239-21. Boilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure. *Wiley v. Equifax Information Servs., LLC*, No. 19-cv-1075, 2020 WL 7626599, at * 3 (D. Minn. Oct. 23, 2020). Parties are not permitted to refuse to respond to a discovery request based solely on routine, boilerplate objections without providing context or discussions as to the applicability of the asserted objection. *Id.* (citing Notes on 2015 Amendments to Rule 26). Accordingly, to the extent Miller and RHI raised mere boilerplate objections in their responses to Yang and failed to raise any specific argument in support of that objection in their arguments against Yang's motions to compel, this Court will not address those boilerplate objections.

II.     **Miller**

A.      **Interrogatories and Requests for Production**

Yang argues that Miller has improperly narrowed her view of the relevant claims, has not produced all the responsive documents, and has refused to submit a sworn statement affirming she has produced all documents. Pl. Mem. 13-15, Dkt. No. 233. Miller argues generally that Yang has failed to explain why the interrogatory answers are

deficient and that the discovery requests are overbroad, irrelevant, and harassing. Miller

Mem. 3-4, Dkt. No. 264.

### 1.      Interrogatory No. 1

Yang's Interrogatory No. 1 states:

> Describe in detail all earnings that you have received since August 22, 2019
> to the present including but not limited to income from [RHI] and any other
> full-time job, a part-time job, a job as an independent contractor, whether or
> not you worked as a lawyer, and any unemployment compensation that you
> received and include the name and address of each employer that paid you
> earnings.

Miller Interrog. Response 2-3, Dkt. No. 238-14. Miller objected, arguing the interrogatory

is irrelevant, overly broad, and not proportional to the needs of the case. *Id.* at 3. Yang

argues that Miller's earnings are relevant to calculating damages. Pl. Mem. 9-10, Dkt. No.

233; Hrg. Tr. 8, Dkt. No. 276.

Except for stating that the information relates to damages, Yang has not articulated

to this Court how Miller's earnings are relevant to establishing Miller aided and abetted

discrimination or assaulted and battered Yang. *See id.* Moreover, compensatory

damages based on Yang's claims against Miller in this case are not measured by Miller's

income. *See St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809,

818 (8th Cir. 2008). To the extent the information relates to collectability, the discovery is

premature. Notwithstanding, Miller has provided Yang with the dates Miller worked for

RHI after August 2019 and with paystubs showing Miller's hourly rate. Decl. Dyer 7, Dkt.

No. 265; Miller Paystubs, Dkt. No. 247. Even if Miller's earnings were relevant to the case,

Yang's request for *all* earnings is not proportional to the needs of the case. Yang's motion

to compel Interrogatory No. 1 is denied.

### 2.      Interrogatory No. 7

Interrogatory No. 7 asks Miller to:

State if you were ever terminated and/or directed to resign from any law firm
and provide:

e.      The name of each law firm from where you were terminated
        or resigned
f.      What was your exact job title from where you were terminated
        or resigned
g.      The dates of your employment with the law firm from where
        you were terminated or resigned
h.      The reasons for your termination or resignation

Miller Interrog. Response 6, Dkt. No. 238-14. Miller objected, arguing the interrogatory is

overly broad, irrelevant, and not calculated to lead to discovery relevant to Yang's action.

*Id.* Miller also stated that she has never been terminated or asked to resign from a law

firm "for making false accusations, harassing or bullying a co-worker or allegedly

assaulting a co-worker." *Id.* Yang argues that whether Miller had been terminated or

resigned in the past is relevant as Rule 404(b) evidence. *See* Pl. Mem. 10-11, Dkt. No.

233; Hrg. Tr. 12, Dkt. No. 276. She contends Miller's answer is inadequate because Miller

has qualified her answer too narrowly. *See* Pl. Mem. 15, Dkt. No. 233.

Yang does not argue the information sought would lead to admissible evidence

under Rule 404(b). *Heilman*, 287 F.R.D at 473. Rather, Yang appears to seek the

information to prove Miller's bad character to show she acted in accordance with that

character while at RHI. Fed. R. Evid. 404(b). That evidence is not admissible. Fed. R.

Evid. 404(a)(1). Yang fails to state how the information sought would be admissible under

Rule 404(b)(2). Thus, Miller's answer is sufficient because, though narrower than what

the interrogatory seeks, it is proportional to the needs of the case. Yang's motion to

compel Interrogatory 7 is denied.

### 3. Interrogatory Nos. 9 & RFP 9

Yang's Interrogatory No. 9 asks Miller to:

State in detail if you were ever censured, disbarred, suspended and/or otherwise disciplined by any state attorney licensing or disciplinary authority and provide the following:

a. List the state attorney licensing or disciplinary authority from which you were censured, disbarred, suspended and/or otherwise disciplined.

b. Provide the date any State supreme Court, administrative and/or judicial order was issued detailing the reasons why you were censured, disbarred, suspended and/or otherwise disciplined. [sic]

Miller Interrog. Response 6, Dkt. No. 238-14. Similarly, Yang's RFP No. 9 asks for "Copies of any and all State Supreme Court, administrative or judicial order issued detailing the reasons why [Miller was] censured, disbarred, suspended and/or otherwise disciplined and copies of any and all State Supreme Court order reinstating [Miller's] bar membership." Miller RFP Response 6, Dkt. No. 238-1. Miller objected to the interrogatory and the request, arguing they were vague, ambiguous, overly broad, irrelevant, not calculated to lead to relevant information in this case, and harassing. *Id.*; Miller Interrog. Response 6, Dkt. No. 238-14. Miller refused to produce documents or answer the question. Yang argues the questions seek information relevant to Miller's credibility. *See* Pl. Mem. 11, Dkt. No. 233; Hrg. Tr. 13-14, Dkt. No. 276. She also asserts she has obtained documents responsive to RFP No. 9 from a public website and asked Miller to confirm the documents relate to Miller. Pl. Mem. 13, Dkt. No. 233.

Like with Interrogatory No. 7, Yang appears to seek character evidence and does not argue that the information sought is admissible or could lead to admissible evidence. Fed. R. Evid. 404(b)(1), (2); *Heilman*, 287 F.R.D at 473. Yang has not established that the information sought is relevant, nor proportional to the needs of this case. *Hofer*, 981

6

F.2d. at 380; *Vallejo*, 903 F.3d at 742. Thus, Yang's motions to compel Interrogatory No. 9 and RFP No. 9 are denied.

### 4. Interrogatory No. 10

Interrogatory No. 10 asks Miller to "Describe in detail any and all times you provided a false statement in any application process to obtain or maintain employment? Be sure to identify employer(s) and Date(s) connected with your false statements." Miller Interrog. Response 7, Dkt. No. 238. Miller objected on various grounds and stated she "has never knowingly provided a false statement in an application process." *Id.* Yang argues the interrogatory is relevant to Miller's credibility. *See* Pl. Mem. 11, Dkt. No. 233; Hrg. Tr. 16, Dkt. No. 276.

At the hearing, Yang also argued that Interrogatory 10 asks whether Miller has ever lied in an application to obtain employment *or* has ever lied to maintain employment. Hrg. Tr. 16, Dkt. No. 276. But that is not how the interrogatory is written. The phrase "in any application process" qualifies "to obtain or maintain employment." Miller has answered the question. Thus, Miller's answer is adequate and Yang's motions to compel Interrogatory No. 10 is denied.

### 5. RFP No. 2

Yang's RFP No. 2 seeks:

Copies of any and all emails messages, text messages, correspondence, video or audio recordings, photographs, letters, reports, document or paperwork or any other electronic media or other written statements or words contained in any form or medium that supports each and every denial and defense raised in [Miller's] Answer and the Answer of [Hodnett] to Third Amended Complaint and/or refutes any allegations set forth in [Yang's] Third Amended Complaint.

Miller RFP Response 3, Dkt. No. 238-1 (citations omitted). Miller responded with various objections including that the request is overbroad and seeks documents Miller does not possess. *Id.* Miller pointed Yang to the "documents produced by all parties in this action" and a video Yang attached to her complaint. *Id.* Miller also disclosed three new text messages. *Id.* at 3-4. She states she "is unaware of other responsive documents at this time." *Id.* at 4.

This Court must accept a party's representation that it has fully produced all materials that are discoverable. *Prokosch v. Catalina Lighting Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000). Although Yang asserts Miller is withholding responsive documents, Yang has not provided this Court with evidence demonstrating such wrongdoing. Miller has stated she is "unaware of other responsive documents." Miller RFP Response 4, Dkt. No. 238-1. Without Yang demonstrating that Miller has withheld responsive documents, this Court accepts Miller's representation and finds that Miller has responded to RFP No. 2 sufficiently. *Prokosch*, 193 F.R.D. at 637. Yang's motion to compel RFP No. 2 is denied.

**6.    RFP No. 5**

The RFP No. 5 seeks "Copies of any and all telephone records, text messages, electronic recordings, emails, correspondence, letters, notes, memorandum or other documents or paperwork exchanged between [Miller and Hodnett] as well as Deborah Gilman and other co-workers at Defendant Robert Half concerning this case." Miller RFP Response 4, Dkt. No. 238-1. Miller objected, arguing the request was overbroad, unduly burdensome, not proportional to the needs of the case, and sought documents protected by a joint defense. *Id.* Miller also directed Yang to "see response to Request No. 2" and stated she "has no other responsive documents." *Id.* At the hearing Yang stated she has

received some documents but believes Miller is improperly withholding others. Hrg. Tr. 17-18, Dkt. No. 276.

When two or more clients with a common interest, represented by separate lawyers, agree to exchange information concerning a matter, communications between such clients may qualify as privileged. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997). The "common interest" doctrine permits parties to disclose information without waiving the privilege if the parties communicating have a common legal interest and the disclosures are made in the course of formulating a common legal strategy. *Shukh v. Seagate Technology, LLC*, 872 F. Supp. 2d 851, 855 (D. Minn. 2012).

Miller acknowledges other communications between herself and Hodnett exist, but she asserts the communications relate to Yang's former attorney's ethics, to political views, and to her and Hodnett's "joint defense agreement." Miller Mem. 10, Dkt. No. 264. Miller has not provided a Privilege Log relating to the nature and types of communications she asserts are protected by the "joint defense agreement."[1] The Court finds that production of a Privilege Log is required to demonstrate that the claimed privilege is applicable, and to comply with Fed. R. Civ. P. 26(b)(5)(A). Miller need not disclose the privileged communications themselves in this log but shall indicate the nature and type of the documents and communications that were not disclosed to Yang. If there are no non-privileged communications in response to RFP No. 5, Miller shall clearly indicate, so that this item of discovery can be closed. Thus, Yang's motion to compel RFP No. 5 is granted as described.

---

[1] Miller does not contend she produced a Privilege Log to Yang and this Court

## B.   Sworn Statement

Yang asks this Court to compel Miller to sign a sworn statement affirming Miller has produced all responsive documents. Pl. Mem. 13, Dkt. 264. Miller contends she has already provided Yang a sworn verification with Miller's interrogatories and has produced all responsive documents. Miller Mem. 1, Dkt. No. 264. Miller also argues this issue is moot because the day after Yang filed her motion, Miller's counsel sent Yang a letter stating she produced all responsive documents. Letter, Dkt. No. 265-2. Miller is not required to provide a sworn statement because this Court has found that Miller sufficiently responded to all but one RFP and has ordered Miller to produce the documents or provide a privilege log for RFP No. 5. Thus, Yang's motion to compel a sworn statement is denied.

## III.   Robert Half International

### A.   Interrogatories and Requests for Production

#### 1.   Interrogatories

Yang's First Set of Interrogatories No. 6 asks RHI to:

Describe in detail each and every complaint of any kind made against [Yang] while she was employed at [RHI]. For each such complaint:

a)   Name the complainant
b)   The date of the complaint
c)   All details concerning the complaint
d)   The name(s) of the person(s) who investigated the complaint
e)   The names of each person who was interviewed regarding the complaint
f)   The names of all witnesses to the conduct complained of in the complaint
g)   The result of the investigation

RHI Supp. Response 4, Dkt. No. 239-30. RHI objected, arguing the question is vague and ambiguous, unduly burdensome, and a compound interrogatory with multiple subparts. *Id.* RHI referred Yang to documents already produced, stating the burden of

obtaining the answer from those documents "will be substantially the same for either party." *Id.* It then answered the question with information about three complaints. *Id.* at 5-6. Yang argues that this information is relevant to whether RHI investigated the complaints against her before its "adverse employment action" against Yang. Pl. Mem. 11, Dkt. No. 226. She also argues that RHI has directed her to thousands of pages of business records and should be required to narrow its response to answer the question asked. *Id.* at 11-12. RHI asserts it has provided Yang with relevant and responsive information. RHI Mem. 10, Dkt. No. 261.

RHI's response details three separate complaints made by three separate individuals and the result of the investigation. RHI Supp. Response 5-6, Dkt. No. 239-30. But the answer does not include the dates of the complaints, who investigated the complaints, or if there were any witnesses to the conduct complained of. *Id.* RHI states that the "complaint's details, including the names of the complainant, the persons who received and investigated it, any witnesses, and its date, are set forth in" emails to RHI and RHI's Salesforce records. *Id.* RHI does not provide the Bates number of the referenced emails or Salesforce records. *Id.* The Court finds the burden of obtaining the answers to Yang's question is not substantially the same for both parties because RHI apparently has already located the information. RHI chose to direct Yang to documents rather than simply answering the question. Thus, Yang's motion to compel the First Set's Interrogatory No. 6 is granted and RHI shall fully answer the interrogatory.

Yang next argues RHI has waived any objections to her third set of discovery requests. Pl. Mem. 18-20, Dkt. No. 226. She seeks "non-evasive, accurate and complete responses" to:

INTERROGATORY 1: Identify all the document reviewers who worked with [Yang] on the same projects she worked on while she was employed at RHI.

INTERROGATORY 4: Identify all [people] who complained to RHI that [Yang] made references to [Hodnett] as "thunder-thighs" referenced in [documents] produced by [Hodnett]. In addition state:
1.   Identify all individuals who claimed to have witnessed the alleged statement?
2.   Describe the date and time and where the alleged statement was made?

INTERROGATORY 5: Identify who, if anyone, complained to RHI that [Yang] made the statement "fat people eat too much because they hate themselves and because they hate themselves, they hate others too" referenced in [a document] produced by [Hodnett]. In addition state:
1.   Identify all individuals who claimed to have witnessed the alleged statement?
2.   Describe the date and time and where the alleged statement was made?

INTERROGATORY 6: Describe in detail all communications RHI had with [Miller] concerning her work-related complaints or with [Yang] including the dates, times, and content of the communications and identify the RHI employee to whom said complaints were made.

RHI 3rd Interrog. Response 3-5, Dkt. No. 239-21. RHI objected to Interrogatory No. 1, arguing it was overly broad, irrelevant, and unduly burdensome. *Id.* at 3. RHI answered Interrogatory No. 4 by stating Ms. Hodnett's mention of Yang's comment did not trigger an investigation. *Id.* It answered Interrogatory No. 5 by stating that the document Yang referenced does not include a complaint against her and that no further action was taken. *Id.* at 5. RHI answered Interrogatory No. 6 by referring Yang to documents it had already produced. *Id.*

Yang states RHI waived any objections but Yang does not provide this Court with reasons why RHI's answers are inadequate. Pl. Mem. 19-20, Dkt. No. 226. RHI asserts it has fully answered each interrogatory and has provided Yang with the documents necessary to answer when the burden of ascertaining information is equal. RHI Mem. 8-

10, Dkt. No. 261. As with the First Set of Interrogatories No. 6, this Court finds RHI's answers are insufficient. RHI does not fully answer each interrogatory, instead asserting either boilerplate objections or no objection, providing a non-substantive answer, and directing Yang to seek the information in the documents RHI has produced. RHI 3rd Interrog. Response 3-5, Dkt. No. 239-21. This Court finds the burden of gathering the information Yang seeks is not equal and directs RHI to fully answer the interrogatories. Yang's motion to compel the Third Set's Interrogatory Nos. 1, 4, 5, and 6 is granted.

### 2.    Request for Production

Yang moves to compel several RFPs:

REQUEST NO. 1: Copies of any and all documents including letters, correspondence, notes, and emails exchanged between [RHI] and a) [Yang], b) [Miller] and c) [Hodnett] between August 17, 2017 to December 1, 2019.

REQUEST NO. 2: Copies of any and all document review project notifications exchanged by email from [RHI] to a) [Yang], b) [Miller] and c) [Hodnett] between January 1, 2019 to December 1, 2019. A copy of a sample document review project notification email is attached hereto as Exhibit 1[.]

REQUEST NO. 6: Copies of all documents that relate in any way to any workplace complaints asserted against John Hottinger, Sanem (Sanam) Sadeghi, [Miller], [Hodnett], [Yang], and M. Andrew Urano at the [RHI] workplace. This includes but is not limited to investigative reports, protocols and guidelines for conducting investigations, witness statements and reports, memos or notes related to any and all complaints brought against said individuals.

REQUEST NO. 9: A copy of a list of all document review employees of [RHI] including names, addresses, and contact information from the period between August 17, 2017 to August 22, 2019 who worked on the same document review projects [Yang] was working on.

REQUEST NO. 12: Copies of any and all written policies, training materials, manuals and all other documents pertaining to workplace harassment at [RHI] and copies of any policies pertaining to workplace harassment provided to the employees from January 1, 2017 to August 22, 2019.

[2nd Set] REQUEST NO. 9: Copies of any and all time records and weekly pay statements for work that John Hottinger, Sanem (Sanam) Sadeghi, [Miller, and Hodnett] performed for [RHI] from August 22, 2019 to present.

[3rd Set] REQUEST NO. 1: Produce all the emails that RHI employees exchanged with each other concerning issues related to [Yang, Miller, Hodnett], John Hottinger, and Sanem Sadeghi, Nellie Spexit, Pam Hutton, and M. Andrew Urano.

RHI RFP Response 4-15, Dkt. No. 239-2; RHI 2nd RFP Response 4, Dkt. No. 239-5; RHI 3rd RFP Response 3, Dkt. No. 239-22. RHI objected to each RFP and stated it would or already had produced all responsive documents it possessed. *Id.* RHI contends it has provided all responsive documents to Yang, but it acknowledges there are documents it has not produced because they are irrelevant and relate to non-similarly situated employees. *Id.* (citing *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1009 (8th Cir. 2005).

Because Yang claims RHI unlawfully discriminated against her, she will almost certainly need to present "indirect, inferential, or circumstantial evidence" to succeed. *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997). In employment discrimination cases, a plaintiff may offer comparator evidence to show that they were treated differently than other employees who were "similarly situated in all relevant respects" for committing "infractions of comparable seriousness." *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1084-85 (8th Cir. 2013). While the comparator evidence is strongest "when the circumstances faced by the putative comparators are most similar to the plaintiff's," the plaintiff is not required to compare herself to employees who "engaged in the exact same offense." *Id.* at 1085 (internal quotations omitted). While the Court should take appropriate steps to safeguard the privacy interests of non-party employees,

pertinent portions of employee records and communications about other employees that are tied to needs of a party's claims remain discoverable. *See Cardenas v. Prudential Ins. Co. of America*, 2003 WL 244640, at *1 (D. Minn. Jan. 29, 2003). This Court finds RHI has improperly withheld responsive document to the extent it withheld documents because they relate to "non-similarly situated employees." RHI is free to argue other employees are not similarly situated in all relevant respects and should not be used as comparators in the future, but such an argument does not bar Yang from obtaining otherwise discoverable documents. *See McKey v. U.S. Bank Nat'l Ass'n*, No. 17-cv-5058, 2018 WL 3344239, at *2 (D. Minn. July 9, 2018). Yang's motion to compel RFP Nos. 1, 2, and 12 is denied. Yang's motion to compel the First Set of RFPs Nos. 6, 9, 12; the Second Set of RFPs No. 9; and the Third Set of RFPs. No. 1 is granted.

### B.    Inspection

Yang asks this Court to compel RHI to allow her to inspect its offices. Pl. Mem. 29-30, Dkt. No. 226. Yang requested:

> permission to enter onto Defendant premises where Plaintiff worked with Defendants Miller and Hodnett in document review . . . . The inspection of all areas and rooms where employees such as [Yang] had access to including access doors, conference rooms, elevators, restrooms, break rooms, kitchens, parking lots, lobby areas control room where video surveillance equipment is located and kept, and all video surveillance equipment including cameras and monitors and video recording equipment and audio recording equipment if any. [Yang] requests this inspection to photograph and/or make video recordings of said premises and areas and places and equipment and to examine said premises and areas and places and equipment and to take measurements as necessary. . . .

Inspection Request, Ex. 6 at 2, Dkt. No. 239-6. RHI objected to this request as being vague and ambiguous, irrelevant, overly broad and intrusive, and unduly burdensome. RHI Inspection Response 4-6, Dkt. No. 239-8. Yang argues that she needs to inspect the

premises to establish that Miller lied to RHI about Yang's conduct. Pl. Mem. 29-30, Dkt. No. 226.

Yang seeks to inspect the building to gather evidence about the physical characteristics of the building. *Id.* RHI has offered to stipulate to the accuracy of the facility's layout in the map it produced to Yang. Letter, Dkt. No. 262-1. It asserts the difficulty of scheduling a facility inspection during heightened pandemic restrictions and the changes in the facility's layout due to the changes caused by remote work make an inspection unduly burdensome. RHI Mem. 15-17, Dkt. No. 261. This Court finds that, although the physical space may be relevant to Yang's assault and battery claim, requiring a physical inspection of RHI's office would be unduly burdensome. Yang can accept RHI's offer to stipulate to the physical characteristics of the space or she can testify about her recollection of the space to support her claim. Thus, Yang's motion to compel an inspection is denied.

### C.    Rule 30(b)(6) Deposition & Subpoena Duces Tecum

Yang argues that RHI failed to produce a corporate agent for a Rule 30(b)(6) deposition and to comply with a Subpoena Duces Tecum. Pl. Mem. 20-29, Dkt. No. 226. This Court ordered discovery to be completed by July 1, 2021 and denied Yang's request for an extension. Pretrial Schedule 1, Dkt. No. 110; Text Order, Dkt. No. 221. On Friday, June 25, 2021, Yang issued a Notice of Taking Rule 30(b)(6) Deposition of RHI, scheduling the deposition for July 1, 2021. 1st Notice 1, Dkt. No. 239-17. She also sent a subpoena to "M. Keith Wadell, CEO" seeking "Production." Subpoena 1, Dkt. No. 239. The following day, Saturday, Yang sent another notice scheduling the deposition for June 29, 2021 to begin after another previously scheduled deposition of non-party witnesses.

16

2nd Notice 1, Dkt. No. 239-19. Both notices included lists of 17 topics. Dkt. Nos. 239-17, 239-19. On June 30, 2021, Yang issued an amended notice scheduling the deposition for July 1, 2021. Amended Notice, Dkt. No. 239. RHI objected, arguing in part that Yang failed to provide reasonable and timely notice under Rule 30.

A party must give reasonable written notice to every other party when seeking to depose someone by oral questions. Fed. R. Civ. P. 30(b)(1). This Court finds Yang did not provide RHI "reasonable written notice" because she issued her first notice four business days before the close of discovery. 1st Notice 1, Dkt. No. 239-17. She then issued another notice the following day with a different deposition date. 2nd Notice 1, Dkt. No. 239-19. Yang chose to begin conducting her discovery fourteen months after she filed her complaint and had ample time to take a Rule 30(b)(6) deposition prior to the close of discovery. Pl. Mem. 3, Dkt. No. 226. Thus, Yang's motion to compel RHI to submit to a Rule 30(b)(6) deposition is denied.

A party seeking to subpoena someone must serve the subpoena and provide proof of service to the Court by filing a statement certified by the server that includes the date and manner of service and the names of who was served. Fed. R. Civ. P. 45(b)(1), (4). Yang does not argue that she properly served the Subpoena Duces Tecum. Pl. Mem. 28-29, Dkt. 226. RHI contends it was not served properly for various reasons. RHI Mem. 21-22, Dkt. 261 (citing Fed. R. Civ. P. 45). This Court's record does not establish the subpoena was properly served under Rule 45(b)(4) because the proof of service Yang filed is blank. Subpoena 2, Dkt. No. 239. Thus, Yang's motion to compel RHI to respond to the Subpoena Duces Tecum is denied.

### D.      Sworn Statement

Yang asks RHI to sign a sworn statement affirming it has produced all responsive documents. Pl. Mem. 15, Dkt. 226. RHI is not required to provide a sworn statement because this Court has found RHI sufficiently responded to some of the discovery requests and has ordered RHI to fully respond to the rest. Thus, Yang's motion to compel a sworn statement is denied.

### E.      Document Designation

Yang also asks this Court to change certain documents designation from "Confidential – Attorney Eyes Only" to "Confidential." Pl. Mem. 30-34, Dkt. No. 226. RHI agreed to the change so long as Miller and Hodnett did not object. Email, Dkt. No. 239-27. Hodnett had no objection but Miller wanted to know which documents Yang was referring to. *Id.* Although RHI contends that "Yang has not responded," Yang replied that her request included "all documents that are labeled Confidential-Attorney's Eyes Only." *Id.* The record does not indicate, and RHI does not state, whether Miller now objects to the change. However, it appears to the Court that the parties were seemingly in discussions and could likely have resolved this issue through a sufficient meet and confer process. Therefore, Yang's motion is denied as premature.

## IV.    Fees

Yang asks this Court to award her reasonable expenses incurred in bringing the motions to compel against Miller and RHI. Pl. Mem.. Dkt. Nos. 233, 226. If a motion to compel is granted in part and denied in part, this Court has discretion to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). This Court has granted in part and denied in part Yang's motion to compel and, in its discretion, declines to award

Yang expenses incurred in bringing the motion because Miller and RHI were not substantially unjustified in resisting Yang's discovery requests. Thus, no reasonable expenses incurred in bringing or opposing the motions are awarded any party.

## ORDER

The Court, being duly advised in the premises, upon all the files, records, and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1.      Yang's Motions to Compel [Dkt. No. 225] brought against Miller are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a)      Yang's Motion to Compel Responsive Answers to RFP No. 5 is GRANTED IN PART. Miller shall produce a Privilege Log of all withheld communications by **October 11, 2021**. Yang shall file any objection or Motion regarding the contents of Miller's Privilege Log by **October 18, 2021**.

   b)      Yang's Motion to Compel Responsive Answers to Interrogatories and Requests for Production of Documents, Motion to Compel Inspection, Motion to Compel Rule 30(b)(6) Deposition, Motion to Compel Compliance with Subpoena Duces Tecum, Motion for Sworn Statement of Production of All Responsive Documents to Plaintiff's Requests for Production of Documents, Motion to Remove Designation of Confidential Attorney Eyes Only, and Motion for Mandatory Sanctions Pursuant to Rule 37(a)(5)(A) Including Attorney's Fees are DENIED.

2.      Yang's Motions to Compel [Dkt. No. 232] brought against RHI are **GRANTED IN PART** and **DENIED IN PART** as follows:

a)    Yang's Motion to Compel Responsive Answers to the First Set of Interrogatories No. 6; the Third Set of Interrogatories Nos. 1, 4, 5, 6; the First Set of RFPs Nos. 6, 9, 12; the Second Set of RFPs No. 9; and the Third Set of RFPs. No. 1 are GRANTED. RHI shall fully respond to those discovery requests by **October 11, 2021**.

b)    Yang's Motion to Compel Responsive Answers to Interrogatories and Requests for Production of Documents, Motion for Sworn Statement of Production of All Responsive Documents to Plaintiff's Requests for Production of Documents, and Motion for Mandatory Sanctions Pursuant to Rule 37(5)(a) are DENIED.

3.    To the extent that Yang's motions seek to compel discovery not specifically discussed above, her motions are **DENIED**.

4.    If Yang files a Motion for Summary Judgment by October 1, 2021, Yang may supplement her motion with the discovery obtained from this order no later than **October 25, 2021**.


Dated: September 28, 2021                    ___s/David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             U.S. Magistrate Judge